IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SCOTT SCHER, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> DEUTSCHE BANK TRUST COMPANY § <br> AMERICAS, ET AL., § <br> § <br> Defendants. § | CIVIL ACTION NO. 4:21-cv-48 |

**DEFENDANTS' SECOND AMENDED ANSWER AND COUNTERCLAIM**

Defendants, Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates Series 2006-QS14 (incorrectly named Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc.), ("Deutsche Bank") and PHH Mortgage Corporation ("PHH"), (together, "Defendants"), files this *Second Amended Answer and Counterclaim*, and respectfully show the Court as follows:

**ANSWER**

No answer is required with respect to the first introductory paragraph in *Plaintiff's First Amended Original Petition and Verified Request for Temporary Restraining Order* (the "Complaint") which begins with the phrase "Comes Now."

**PARTIES**

Defendants admit the allegations in the first sentence under the paragraph heading "Parties" in the Complaint.

Defendants deny the allegations in the second sentence under this paragraph heading because Deutsche Bank has been improperly named. The correct name is Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates Series 2006-QS14 and it may be served through its agent for service of process. All other allegations are denied.

Defendants deny the allegations in the third sentence under this paragraph heading. PHH has been improperly described. PHH is a corporation and it may be served through its agent for service of process. All other allegations are denied.

### JURISDICTION AND VENUE

Defendants deny the allegations under the paragraph heading "Jurisdiction and Venue" in the Complaint. This matter has been properly removed to this federal Court, where Defendants agree jurisdiction and venue are proper.

### DISCOVERY LEVEL 2

Defendants deny the allegations under the paragraph heading "Discovery Level 2" in the Complaint. This matter has been properly removed to this federal Court, where the discovery levels of the Texas Rules of Civil Procedure are no longer applicable.

### MATERIAL PREDICATE FACTS

In answer to the allegations in the first sentence under the paragraph heading "Material Predicate Facts" in the Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

Defendants admit the allegations in the second sentence under this paragraph heading.

### CAUSE OF ACTION – BREACH OF CONTRACT

No answer is required with respect to the first sentence under the paragraph heading "Cause of Action – Breach of Contract" in the Complaint because the allegations constitute legal

conclusions. To the extent an answer is required, Defendants admit only that the law and contract referenced speak for themselves. Defendants deny the allegations in the second and third sentences under this paragraph heading.

No answer is required with respect to the fourth sentence under this heading, including the citations to regulations, because the allegations constitute legal conclusions. To the extent an answer is required, Defendants admit only that the laws referenced speak for themselves. Defendants deny the allegations in the fifth sentence under this paragraph heading.

### CAUSE OF ACTION – NEGLIGENCE

No answer is required with respect to the first sentence under the paragraph heading "Cause of Action – Negligence" in the Complaint because the allegations constitute legal conclusions. To the extent an answer is required, Defendants deny the allegations. Defendants deny the remaining allegations under this paragraph heading.

### REQUEST FOR TEMPORARY RESTRAINING ORDER

In answer to the allegations in the first sentence under the paragraph heading "Request for Temporary Restraining Order" in the Complaint, Defendants admit only that Plaintiff Scott Scher ("Plaintiff") makes the request noted therein. Defendants deny that Plaintiff is entitled to any such relief and deny all liability.

Defendants deny the allegations in the second through the eighth sentences under this paragraph heading.

In answer to the allegations in the ninth sentence under this paragraph heading, Defendants admit only that Plaintiff makes the request noted therein. Defendants deny that Plaintiff is entitled to any such relief and deny all liability.

Defendants deny the allegations in the tenth sentence under this paragraph heading.

In answer to the allegations in the eleventh sentence under this paragraph heading, Defendants admit only that Plaintiff makes the request noted therein. Defendants deny that Plaintiff is entitled to any such relief and deny all liability.

Defendants lack knowledge or information sufficient to admit or deny the allegations in the twelfth sentence under this paragraph heading, and therefore deny those allegations.

### REQUEST FOR RULE 194 DISCLOSURE

In answer to the allegations under the paragraph heading "Request for Rule 194 Disclosure" in the Complaint, Defendants admit only that Plaintiff makes the request noted therein. Defendants deny that Plaintiff is entitled to such disclosure and deny all liability.

### PRAYER

No answer is required with respect to the allegations under the paragraph heading "Prayer" in the Complaint. To the extent an answer is required, Defendants admit only that Plaintiff seeks the relief stated therein. Defendants, however, deny that Plaintiff is entitled to any such relief and deny all liability.

Except as admitted, qualified, or otherwise stated herein, Defendants deny all allegations contained in the Complaint.

### AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses:

1. Plaintiff's claims are barred, in whole or in part, by reason of Defendants' compliance with applicable contracts and agreements.

2. Plaintiff's claims are barred by the statute of limitations.

3. Plaintiff's claims are barred by res judicata and collateral estoppel, including issue and claim preclusion.

4. Plaintiff's claims are barred by set-off and/or off-set.

5. Plaintiff's claims are barred in whole or in part by the doctrines of unclean hands, laches, waiver, and/or estoppel (in all its forms).

6. Plaintiff's claims are barred in whole or in part by his failure to mitigate his damages, if any.

7. Plaintiff's claims are barred in whole or in part by the statute of frauds, parol evidence rule, merger, and economic loss doctrines.

Plaintiff's claims may also be barred by additional defenses that may arise during the course of this litigation, which defenses Defendants reserve the right to assert.

## COUNTERCLAIM

Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates Series 2006-QS14 ("Deutsche Bank") and PHH Mortgage Corporation ("PHH") plead the following counterclaims against Plaintiff and his spouse, Rhonda Sexton, (hereinafter "Borrowers") in accordance with the Federal Rules of Civil Procedure, and would respectfully show the Court as follows:

## PARTIES

1. Borrowers are individuals who are domiciled in the State of Texas. Plaintiff has appeared and may be served through is counsel appearing in this action. Rhonda Sexton may be served at 981 Woodview Drive, Prosper, Texas 75078, or wherever she may be found.

2. Deutsche Bank is a New York chartered banking institution, which has appeared in this lawsuit and may be served through its undersigned counsel.

3. PHH is a New Jersey corporation, which has appeared in this lawsuit and may be served through its undersigned counsel.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this counterclaim under 28 U.S.C. § 1332(a)(1) because Deutsche Bank and PHH are each citizens of a different states than Borrowers, and the amount in controversy exceeds $75,000 excluding interest and costs.

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial party of the events or omissions giving rise to the claims asserted herein occurred in this district and the property at issue is situated in this district.

## FACTS

6. Borrowers own property located at 981 Woodview Drive, Prosper, Texas 75078 (the "Property"). On July 13, 2006, Rhonda Sexton financed the purchase of the Property with a loan in the original principal amount of $650,000.00 from Secure Mortgage Company (the "Loan"). The Loan was memorialized by the execution of, among other things, the following instruments by Borrowers: (1) Note (the "Note"), (2) a deed of trust (the "Deed of Trust").

7. The Note and Deed of Trust require Borrowers to make monthly payments of principal and interest. The Deed of Trust provides Secure Mortgage Company and its successors and assigns with a power of sale if Borrowers default on the payment obligations. The power of sale may be exercised by a court order.

8. Mortgage Electronic Registration Systems, Inc., acting solely as nominee for Secure Mortgage Company, executed an assignment of the Deed of Trust, together with the indebtedness or obligation described in the Deed of Trust and the monies due and to grow due thereon with interest, to Deutsche Bank on or about January 22, 2011. PHH is the current servicer of the Loan.

9. Borrowers defaulted on the Loan. Borrowers' Loan is currently due for the July 1, 2016 payment. Because of Borrowers' default, Borrowers were sent a notice of default and

notice of intent to accelerate. The notice was sent to Borrowers' last known address by certified mail. Because Borrowers failed to cure their default within thirty days, Borrowers were sent a notice advising Borrowers that the indebtedness owed on the Loan had been accelerated. The acceleration letter was sent to Borrowers at Borrowers' last known address by certified mail.

10. Plaintiff filed this lawsuit in an attempt to prohibit the mortgagee and mortgage servicer from proceeding with the nonjudicial foreclosure sale that was scheduled for January 5, 2021.

11. Borrowers have enjoyed continuous and uninterrupted use of the Property for more than four years without making a single payment on the Loan.

## COUNT 1—JUDICIAL FORECLOSURE

12. Deutsche Bank and PHH incorporate for all purposes the allegations set forth in each paragraph above.

13. Deutsche Bank and PHH have satisfied all conditions precedent.

14. Deutsche Bank and PHH seek entry of an order and judgment against Borrowers under Texas Rule of Civil Procedure 309 (1) providing for the judicial foreclosure of the lien encumbering the Property; (2) awarding Deutsche Bank and PHH their debt, damages, and costs; and (3) further providing that the Property shall be sold at public auction in accordance with the requirements of chapter 51 of the Texas Property Code in satisfaction of such judgment.

## COUNT 2—WRIT OF POSSESSION

15. Deutsche Bank and PHH incorporates for all purposes the allegations set forth in each paragraph above.

16. Upon the Court's issuance of a judgment for foreclosure, Deutsche Bank and PHH are further entitled to a writ of possession pursuant to Texas Rule of Civil Procedure 310.

## COUNT 3—IN THE ALTERNATIVE
## DECLARATORY JUDGMENT FOR NONJUDICIAL FORECLOSURE

17. Deutsche Bank and PHH incorporate for all purposes the allegations set forth in each of the paragraphs stated above.

18. In the alternative, Deutsche Bank and PHH seek declaratory relief, setting forth the respective rights, duties, and obligations of Deutsche Bank and PHH and Borrower under the Note and Deed of Trust. Specifically, Deutsche Bank and PHH seek declarations that: (1) Borrowers are indebted to Deutsche Bank and PHH under the Note; (2) Deutsche Bank is the mortgagee and PHH is the mortgage servicer of the Loan and are authorized to enforce the terms of the Note and Deed of Trust, including through foreclosure; (3) Borrowers are in default of their Loan obligations; (4) Deutsche Bank and PHH, or its predecessors-in-interest and/or their agents, provided Borrowers with all of the notices required to conduct a foreclosure sale under the terms of the Note and Deed of Trust, and applicable law; and (5) that Deutsche Bank as mortgagee and PHH as mortgage servicer and attorney-in-fact for Deutsche Bank is entitled to conduct a nonjudicial foreclosure sale by providing Borrowers with only a notice of trustee's sale.

19. Any conditions precedent to the relief sought have occurred or have been performed, tendered, or waived.

## COUNT 4—ATTORNEYS' FEES

20. Deutsche Bank and PHH incorporate for all purposes the allegations set forth in each paragraph above.

21. The Deed of Trust expressly provides that any amounts paid by Lender—including PHH as servicer of the Loan—to protect Lender's interest in the Property and/or rights under the Deed of Trust, including for reasonable attorneys' fees, become additional debt secured by the Deed of Trust.

22.     Because of Borrowers' default and because of the referenced litigation, Deutsche Bank and PHH have incurred and paid, and will continue throughout the pending litigation to incur and pay, attorneys' fees and expenses.  Deutsche Bank and PHH are therefore entitled to an award for all of the reasonable attorneys' fees they have paid or will pay in connection with protecting their interest in the Property and/or their rights under the Deed of Trust.

## PRAYER

WHEREFORE, Deutsche Bank and PHH pray that, upon final hearing hereof, judgment be rendered against Plaintiff, that Plaintiff take nothing by his claims and that Deutsche Bank and PHH be awarded a judgment against Borrowers consistent with the relief pleaded herein, including:

(a)     an order awarding debt, damages, attorneys' fees, costs, and interest thereon;

(b)     an order foreclosing the lien evidenced by the Deed of Trust and ordering the sale of the Property and a writ of possession in satisfaction or partial satisfaction of such judgment;

(c)     in the alternative, a declaratory judgment providing for a nonjudicial foreclosure of the Property; and

(d)     all other and further relief to which Deutsche Bank and PHH may be entitled.

Respectfully submitted,

*/s/ Elizabeth K. Duffy*

**Robert T. Mowrey**
Texas Bar No. 14607500
rmowrey@lockelord.com
**Arthur E. Anthony**
Texas Bar No. 24001661
aanthony@lockelord.com
**Elizabeth K. Duffy**
Texas Bar No. 24050535
eduffy@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
(214) 740-8000 (Telephone)
(214) 740-8800 (Facsimile)

**ATTORNEYS FOR DEFENDANTS/COUNTER-PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on this 12th day of July 2021 via e-filing on:

**Thomas C. Barron**
Law Offices of Thomas C. Barron
P.O. Box 141323
Dallas, Texas 75214
tbarron@barronlawfirm.com
*Attorneys for Plaintiff/Counter-Defendant*

*/s/ Elizabeth K. Duffy*
*Attorney for Defendants/Counter-Plaintiffs*